UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LACAZE LAND DEVELOPMENT, LLC
*Plaintiff*

v.     CIVIL ACTION NO.:1:19-cv-01477

DEERE & COMPANY, INC. and
W. L. DOGGETT, LLC d/b/a
DOGGETT MACHINERY SERVICES     CHIEF JUDGE DEE D. DRELL
*Defendants*     MAG. JUDGE PEREZ-MONTES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ORIGINAL COMPLAINT AND JURY DEMAND ON BEHALF DEERE & COMPANY, INC.

**NOW INTO COURT**, comes Deere & Company, Inc. [DEERE] who for answer to the Original Complaint of Plaintiff avers as follows:

### FIRST DEFENSE

Plaintiff original complaint fails to state a claim against DEERE upon which relief may be granted.

### SECOND DEFENSE

### ANSWER TO ORIGINAL COMPLAINT

DEERE responds to the allegations of Plaintiff's Original Complaint as follows:

#### 1. Parties

The allegations of Paragraph I (1.) of the Complaint are denied for lack of sufficient information to justify a belief therein.

The allegations of Paragraph I (2.) are denied as stated, except to admit that DEERE is a foreign corporation authorized to do and doing business in the State of Louisiana.

The allegations of Paragraph I (3.) are not directed to DEERE but out of an abundance of caution are denied.

## II. Jurisdiction

To the extent the allegations of Paragraph 4 of the Complaint call for conclusions of law for which no answer is required, out of an abundance of caution the allegations are denied. The remaining allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## III. Venue

The allegations of Paragraph 5 of the Complaint call for conclusions of law for which no answer is required.

## IV. Conditions Precedent

The allegations of Paragraph 6 of the Complaint are denied.

## V. Facts

### A. The Transaction

The allegations of Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

The allegations of Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

The allegations of Paragraph 9 of the Complaint are denied.

The allegations of Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

### B. Implied Warranties

The allegations of Paragraph 11 of the Complaint are denied.

The allegations of Paragraph 12 of the Complaint are denied.

### C. Express Warranties

The allegations of Paragraph 13 of the Complaint are denied.

The allegations of Paragraph 14 of the Complaint are denied.

The allegations of Paragraph 15 of the Complaint are denied.

### D. Actionable Conduct

The allegations of Paragraph 16 of the Complaint do not pertain to DEERE however, out of an abundance of caution are denied.

The allegations of Paragraph 17 of the Complaint (a. through n.) are denied.

The allegations of Paragraph 18 of the Complaint are denied.

The allegations of Paragraph 19 of the Complaint are denied.

The allegations of Paragraph 20 of the Complaint are denied.

The allegations of Paragraph 21 of the Complaint are denied.

The allegations of Paragraph 22 of the Complaint are denied.

**Count 1: Violations of the Louisiana Redhibition Laws**

The allegations of Paragraph 23 of the Complaint are denied.

The allegations of Paragraph 24 of the Complaint call for conclusions of law for which no answer is required, however, out of an abundance of caution the allegations are denied.

The allegations of Paragraph 25 of the Complaint call for conclusions of law for which no answer is required, however, out of an abundance of caution the allegations are denied.

The allegations of Paragraph 26 of the Complaint call for conclusions of law for which no answer is required, however, out of an abundance of caution the allegations are denied.

The allegations of Paragraph 27 of the Complaint are denied.

The allegations of Paragraph 28 of the Complaint call for conclusions of law for which no answer is required, however, out of an abundance of caution the allegations are denied.

The allegations of Paragraph 29 of the Complaint are denied.

The allegations of Paragraph 30 of the Complaint are denied.

The allegations of Paragraph 31 of the Complaint are denied.

The allegations of Paragraph 32 of the Complaint are denied.

The allegations of Paragraph 33 of the Complaint call for conclusions of law for which no answer is required, however, out of an abundance of caution the allegations are denied.

### VI. Damages

The allegations of Paragraph 34 of the Complaint are denied.

The allegations of Paragraph 35 of the Complaint are denied.

The allegations of Paragraph 36 of the Complaint are denied.

### VII. Request for Rescission

The allegations of Paragraph 37 of the Complaint are denied.

The allegations of Paragraph 38 of the Complaint are denied.

### VIII. Attorney Fees and Costs

The allegations of Paragraph 39 of the Complaint are denied.

### IX. Prayer for Relief

The allegations of Paragraph 40 (a. through j.) of the Complaint require no answer from DEERE, however out of an abundance of caution the allegations are denied.

### X. Demand for Jury Trial

The allegations of Paragraph 41 of the Complaint do not require an answer from DEERE.

### THIRD DEFENSE

Plaintiff's claimed damages, if any, were caused by its sole fault. Alternatively, Plaintiff's alleged damages were caused by its contributory and/or comparative fault, thus barring or diminishing recovery.

### FOURTH DEFENSE

Plaintiff's claims against DEERE are barred by or should be reduced due to Plaintiff's failure to take reasonable steps to mitigate its damages.

### FIFTH DEFENSE

In the event it is held that Plaintiff's damages, if any, were not caused solely by Plaintiff, nor by their contributory and/or comparative fault, damages were caused solely and exclusively by the fault of others over whom DEERE had no responsibility or control.

### SIXTH DEFENSE

Plaintiff's alleged damages were caused by the fault, negligence and carelessness of Plaintiff and/or others for whom DEERE is not responsible and DEERE asks that the Trier of Fact apportion that fault among the responsible parties finding DEERE free from fault pursuant to LA Civ. Code Article 2323.

### SEVENTH DEFENSE

DEERE asserts that no defect existed in the machine at the time it was delivered.

## EIGHTH DEFENSE

DEERE alleges that there was a superseding or new and independent or intervening cause of this incident described in suit.

## NINTH DEFENSE

Plaintiff can only recover those expenses that were actually paid or incurred on their behalf.

## TENTH DEFENSE

To the extent that any alternative defenses pled herein are contradictory, mutually exclusive or otherwise inconsistent, DEERE pleads such contradictory, mutually exclusive or inconsistent affirmative defenses in the alternative.

## ELEVENTH DEFENSE

DEERE, without admitting any liability, alternatively avers that any recovery by Plaintiff be limited to a reduction in price.

## TWELFTH DEFENSE

DEERE reserves the right to amend this Answer in accordance with the Federal Rules of Civil Procedure and the further Order of this Court as information becomes available through discovery and trial preparations.

DEERE is entitled to and hereby requests a trial by jury on all issues.

**WHEREFORE,** having fully answered the Original Complaint, DEERE prays that their Answer and Affirmative Defenses be deemed good and sufficient and that Plaintiff's claims against them be dismissed with prejudice, and that DEERE be awarded their costs associated with this action, and be granted such further relief as this Court deems just and proper, and for trial by Jury on all issues.

Respectfully submitted,

/s/ PAUL M. LAVELLE
**PAUL M. LAVELLE (08134)**
SARAH P. REID (33311)
Cotten Schmidt, L.L.P.
650 Poydras Street, Suite 1950
New Orleans, LA 70130
Telephone: (504) 568-9393
Facsimile: (504) 524-1933
plavelle@cottenschmidt.com
sreid@cottenschmidt.com

**ATTORNEYS FOR DEERE & COMPANY, INC.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6TH day of January, 2020, I presented the foregoing Answer, Affirmative Defenses and Request for Jury Demand of DEERE to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

**LACAZE LAND DEVELOPMENT, LLC**
Through its attorney of Record:
**FRED A. PHARIS**
PHARIS & PHARIS
831 DeSoto Street
Alexandria, LA 71201
(318)445-8766

8