## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LACAZE LAND DEVELOPMENT, LLC** <br>          Plaintiff <br><br> v. <br><br> **DEERE & COMPANY, INC. and W.L. DOGGETT, LLC, D/B/A DOGGETT MACHINERY SERVICES** <br>          Defendants | **CIVIL ACTION NO. 1:19-cv-01477** <br><br> **CHIEF JUDGE DEE D. DRELL** <br><br> **MAG. JUDGE PEREZ-MONTES** |

### W.L. DOGGETT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes defendant W.L. Doggett, LLC d/b/a Doggett Machinery Services ("Doggett") which respectfully submits this Answer and Affirmative Defenses in response to the Complaint of Lacaze Land Development, LLC ("Lacaze"), by denying each and every allegation in plaintiff's Complaint, except for those allegations that may be hereinafter admitted, explained or modified, and by additionally asserting various affirmative defenses below.

As such, Doggett respectfully responds to the Complaint as follows:

#### I.      Parties

1.

No response is required of Doggett to the allegations contained in Paragraph 1. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a believe therein.

1528406.3

2.

No response is required of Doggett to the allegations contained in Paragraph 2. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a believe therein.

3.

The allegations of Paragraph 3 are admitted. [[I'd say principal place of business is 10110 Daradele Ave., Baton Rouge, La 70816 if you think it matters…but registered office in TX is 9111 North Fwy as noted]]

II. **Jurisdiction**

4.

The allegations of Paragraph 4 are denied to the extent that they call for a legal conclusion. Further answering, the remaining allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

III. **Venue**

5.

The allegations of Paragraph 5 call for conclusions of law for which no response is required.

IV. **Conditions Precedent**

6.

The allegations of Paragraph 6 are denied.

## V. Facts

### A. The Transaction

7.

Doggett admits that plaintiff purchased a new John Deere 333GX compact track loader, skid steer (the "Loader") on or about August 31, 2018. Further answering, the remaining allegations of Paragraph 7 are denied as written and for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 are admitted.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17, including all subparts, are denied.

18.

Doggett admits that it has made repairs and/or serviced the Loader since the date of purchase. The remaining allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 do not require an answer of Doggett; however, out of an abundance of caution and to the extent an answer is required, the allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied.

23.

No response is required of Doggett to the allegations contained in Paragraph 23. However, out of an abundance of caution and to the extent a response is required, the allegations

contained in Paragraph 23 are denied for lack of sufficient information to justify a believe therein.

24.

The allegations of Paragraph 24 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

25.

The allegations of Paragraph 25 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

26.

The allegations of Paragraph 26 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

27.

The allegations of Paragraph 27 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied. It is specifically denied that any defects exist(ed).

28.

The allegations of Paragraph 28 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

29.

The allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 are denied.

32.

The allegations of Paragraph 32 are denied.

33.

The allegations of Paragraph 33 call for a legal conclusion for which no answer is required; however, out of an abundance of caution the allegations are denied.

34.

The allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 are denied.

38.

The allegations of Paragraph 38 are denied.

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40, including all subparts, are denied.

41.

The allegations of Paragraph 41 do not require an answer from Doggett.

**AND NOW**, in further response to plaintiff's claims and demands, Doggett asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Doggett for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has neither alleged nor sustained any actual damage (the existence of which is denied) which was caused by Doggett.

### THIRD AFFIRMATIVE DEFENSE

Any damage that Plaintiff may have incurred (the existence of which is denied) is the result of acts or omissions of parties other than Doggett and for which Doggett is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages and is unable to seek from Doggett any damages occurring as a result of plaintiff's failure to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

Any damage that Plaintiff may have incurred (the existence of which is denied) is the result of the unforeseen forces of the elements of nature and not the result of a product defect.

### SIXTH AFFIRMATIVE DEFENSE

Any damage that Plaintiff may have incurred (the existence of which is denied) were caused by the fault, negligence and carelessness of Plaintiff and/or others for whom Doggett is not responsible. Doggett asks that the trier of fact apportion that fault among the responsible parties, finding Doggett free from fault pursuant to La. C.C. article 2323.

### SEVENTH AFFIRMATIVE DEFENSE

No defect exists in the subject Loader.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has no claim against Doggett pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800.52.

### NINTH AFFIRMATIVE DEFENSE

Any defect which may exist in the subject Loader, the existence of which is denied, was the result of a superseding or new and independent or intervening cause occurring after plaintiff purchased the Loader.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to those expenses which were actually incurred on plaintiff's behalf.

### ELEVENTH AFFIRMATIVE DEFENSE

Doggett reserves the right to assert any additional affirmative defenses and any reconventional demands, crossclaims and/or third party demands which it may discover during the course of additional investigation and discovery.

**WHEREFORE**, W.L. Doggett, LLC d/b/a Doggett Machinery Services prays that this answer be deemed good and sufficient and after due proceedings are had that judgment be entered in its favor and against Lacaze Land Development, LLC, dismissing the complaint with prejudice at Plaintiff's cost; awarding attorneys' fees and court costs; and, granting such additional relief as appropriate.

## **CROSSCLAIM FOR DAMAGES**

**AND NOW**, through undersigned counsel, comes W.L. Doggett, LLC d/b/a Doggett Machinery Services, LLC ("Doggett") as crossclaim plaintiff, who files this Crossclaim for Damages as follows:

42.

Made crossclaim defendant is John Deer Construction & Forestry Company ("Deere"), a Delaware Corporation with its principal business office in Moline, Illinois.

43.

In the Original Petition for Damages, Plaintiff, Lacaze Land Development, LLC ("Lacaze"), contends that the John Deere 333GX compact track loader, skid steer (the "Loader") it purchased is defective.

44.

The Loader at issue in this lawsuit was manufactured, designed, assembled, sold, serviced, distributed, and warranted by Deere.

45.

Plaintiff filed the Original Petition herein alleging various theories of liability against Deere and Doggett, including defects in redhibition, breach of contract, breach of express and implied warranties, negligence and all other damages available under Louisiana law. Plaintiff asserts that the alleged product failed because of a redhibitory defect which rendered the Loader totally useless.

46.

Doggett denied that it manufactured the Loader in question and generally denies any and all liability whatsoever to plaintiff as a result of the incident made the subject of this lawsuit.

47.

In the event Plaintiff is successful in proving the defective nature of the Loader, which is at all times denied, then in that event, Doggett shows that liability may exist on the part of Deere, the manufacturer of the excavator.

48.

If Plaintiff is successful in establishing liability on the part of Doggett for the incident at issue in this lawsuit, which is denied, then pursuant to La. R.S. 51:483.1, Doggett is entitled to full indemnity against Deere, for any and all amounts which it may be cast in judgment to plaintiff.

49.

Alternatively, if the Plaintiff is successful in establishing liability on the part of Doggett for the incident at issue in this lawsuit, which is denied, then pursuant to La. C.C. art. 2531, Doggett is entitled to full indemnity against Deere, for any and all amounts which it may be cast in judgment to the plaintiff as any defect in the Loader, the existence of which is denied, existed at the time the Loader was delivered to Doggett.

50.

Alternatively, if the Plaintiff is successful in establishing liability on the part of Doggett for the incident at issue in this lawsuit, which is denied, then, Doggett is entitled to a reduction of any and all liability assessed against Doggett and in favor of the plaintiff to the extent of legal fault and/or liability established on the part of others including but not limited to Deere.

**WHEREFORE**, W. L. Doggett, LLC d/b/a Doggett Machinery Services prays that after due proceedings are had there be judgment in favor of W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC and against crossclaim defendant, John Deere Construction & Forestry

Company, for any and all damages assessed against W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC, plus reasonable attorney fees and all costs of these proceedings.

                            **McGlinchey Stafford PLLC**

                            */s/Zelma M. Frederick*
                            M. Brent Hicks, (LA #23778)
                            Zelma M. Frederick (LA #31459)
                            Candace B. Ford (LA #37686)
                            301 Main Street, Fourteenth Floor
                            Baton Rouge, Louisiana  70801
                            Telephone:  (225) 383-9000
                            Facsimile:  (225) 343-3076
                            Email:  bhicks@mcglinchey.com
                                       zfrederick@mcglinchey.com
                                       cford@mcglinchey.com
                            *Attorneys for Defendant W.L. Doggett*
                            *Machinery Services, LLC*

**CERTIFICATE OF SERVICE**

     I certify that on January 28, 2020, I electronically filed an Answer and Affirmative Defenses on behalf of W. L. Doggett Machinery Services, LLC with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record and unrepresented parties who are non-CM/ECF participants.

                            */s/Zelma M. Frederick*
                            Zelma M. Frederick