UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LACAZE LAND DEVELOPMENT, LLC** <br>             Plaintiff <br><br> v. <br><br> **DEERE & COMPANY, INC.** and **W.L. DOGGETT, LLC, D/B/A DOGGETT MACHINERY SERVICES** <br>             Defendants | CIVIL ACTION NO. 1:19-cv-01477 <br><br> CHIEF JUDGE DEE D. DRELL <br><br> MAG. JUDGE PEREZ-MONTES |

### W.L. DOGGETT LLC D/B/A DOGGETT MACHINERY SERVICES' OPPOSITION TO MOTION TO COMPEL DISCOVERY

**NOW INTO COURT**, through undersigned counsel, comes Defendant, W.L. Doggett, LLC d/b/a Doggett Machinery Services ("Doggett") who files this response in opposition to the Motion to Compel the Production of Documents (the "Motion") filed by Plaintiff, Lacaze Land Development, LLC ("Lacaze"). R. Doc. 56. Doggett incorporates and adopts by reference the Opposition filed by Deere & Company, Inc. ("Deere") as if fully copied herein, and as follows:

**I.      INTRODUCTION**

Despite Lacaze's contentions, all of the reasonably relevant documents to which it is entitled to under the Federal Rules have been produced. Lacaze requests that Defendants be compelled to produce various documents regarding equipment that is not at issue in this litigation, and specifically: (1) documents regarding a "previously owned loader" and (2) equipment rented, leased, or purchased by customers other than Lacaze. Doggett has provided complete and proper objections in response to these requests, and Plaintiff is not entitled to the information or documents it seeks.[1]

---

[1] Although the Motion is entitled a Motion to Compel Production of Documents, Interrogatories seeking information pertaining to other equipment are also at issue.

16385053.1                           1

Lacaze's Motion should be denied.

## II.     LAW AND ARGUMENT

### A.     Legal Standard.

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a). Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Importantly, "[t]he party seeking the discovery bears the burden of showing relevancy."[2]

Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had

---

[2] *McAdams v. Citifinancial Mortg. Co., Inc. of New York*, No. CV 06-27-JVP-SCR, 2006 WL 8435024, at *2 (M.D. La. July 13, 2006) (denying in part motion to compel where plaintiff failed to establish relevancy of information requested).

ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

> **B.    Lacaze seeks documents and information pertaining to equipment not at issue in this litigation.**

In its first discovery requests, Lacaze sought various documents regarding equipment other than the equipment at issue in this litigation; first, regarding a "previously owned loader[,]" and second, regarding equipment purchased by third parties who are not named in this litigation.

> *1.    Objectionable requests pertaining to the "previously owned loader."*

Lacaze issued the following Interrogatories related to the "previously owned loader":

> **Interrogatories specific to plaintiffs' previously owned loader.**
>
> **INTERROGATORY NO. 18:** Please describe the loader that was replaced by plaintiff's presently-owned loader, with regard to its serial number, date of sale to plaintiff, and model number.
>
> **INTERROGATORY NO. 19:** If your answer to Interrogatories 2, 3, or 4, are the same with regard to the replaced loader, please so affirm, or answer the information requested therein with regard to the replaced loader.
>
> **INTERROGATORY NO. 20:** Please state the replaced loader's whereabouts, whether or not it is functioning, to your knowledge, its present owner, and if it is not functioning, the reason why.
>
> **INTERROGATORY NO. 21:** Does the replacement loader have any design changes, modifications, or upgrades substantially bearing on the cause and nature of the difficulties that caused its demise? If so, please describe.
>
> **INTERROGATORY NO. 22:** Please state the name and address of all persons who have issued any reports, evaluated the repairs done or claims made, or who did any investigation or evaluation of repairs or claims made by the plaintiff with regard to the replaced loader.

R. Doc. 56-1. In its responses, Doggett included a specific objection to Lacaze's attempt to obtain information regarding a "previously owned loader":

> <u>Interrogatories specific to plaintiff's previously owned loader.</u>
>
> Doggett specifically objects to Interrogatories Number 18 – 21 as seeking information regarding "plaintiff's previously owned loader" which is undefined and is irrelevant to the claims at issue in the present litigation.

R. Doc. 56-7, p. 11. Doggett then repeatedly and properly objected to each of the specific requests on the same topic. In its requests for production of documents, Lacaze sought documents as to "both the replaced and replacement loader." R. Doc. 57-4. Again, no definition is provided for these terms being used by Lacaze, and indeed, the terminology of the discovery requests varies throughout. (*e.g.,* Lacaze refers to "loader", "replaced loader", "replacement loader", "subject loader", "loader in question", "loader described in the petition"). Although there is a reference to the "loader" being the "John Deere 333 GX compact track loader, skid steer" in Interrogatory Number 2 (R. Doc. 56-4), the referenced term is for the equipment at issue in the litigation, not additional pieces of equipment that were previously owned by Lacaze. Doggett's objections are specifically responsive to each of Lacaze's requests and are appropriate under the guidelines of the Rules of Civil Procedure.

2.   *Objectionable requests regarding third parties' equipment.*

Lacaze asserted a broad request for any and all documents pertaining to repairs done seeking information regarding "other Deere loaders of the same make and model." Lacaze's Interrogatory and Doggett's Response are below:

> **INTERROGATORY NO. 9:** Please state whether or not other Deere loaders of the same make and model have been repaired for other customers as a result of the same or similar complaints or as a result of the same or similar problems in those areas on the plaintiff's loader. If so, give the names and addresses of the other customers and the date of repair.
>
> **ANSWER TO INTERROGATORY NO. 9:**
>
> Doggett objects to Interrogatory Number 9 as overly broad, unlimited in time, seeking information beyond what is required by the Federal Rules of Civil Procedure. The plaintiff's reference to "same or similar complaints" or "as a result of the same or similar problems" is vague and ambiguous. Doggett rents/leases, sells, and repairs Deere equipment; however, plaintiff's request is objectionable as any repairs performed for other customers or regarding other equipment is unrelated to the present suit and is not likely to lead to the discovery of admissible evidence. Further answering, Doggett intends to preserve its customers' privacy.
>
> Doggett reserves the right to amend and/or supplement its Response.

The parties met and conferred in response to Lacaze's specific request as to the sufficiency of Doggett's response to Interrogatory Number 9. At that time, counsel for Lacaze reported that he understood the request may have been overbroad, and that he would submit additional requests more narrowly tailored and pertaining to specific customers.[3] Undersigned counsel maintained its position; namely, that the requests sought irrelevant information and a concern as to other customers' records, but true to his word, a Second Request for Production of Documents was issued. Lacaze's defined scope for its supplemental requests is as follows:

> Scope of these requests:
>
> These requests should be answered fully in two separate parts each part answering all of the following requests and pertaining separately to the separately described machines, and all pertinent attachments, as described below, and belonging to or formerly belong to the persons named below:
>
> Cecil Zito - 2017 John Deere 333G, and any and all attachments
>
> Casey Bennett - 2018 John Deere 333G, and any and all attachments

In response, Doggett again lodged multiple objections to the newly issued requests; the following excerpt is representative of Doggett's responses:

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
>
> Defendant objects to Request for Production 1 on the grounds that it is overly broad, unlimited in time, unduly burdensome, and seeks information that is beyond the scope of what is required by the Federal Rules of Civil Procedure. The plaintiff refers to various vague and ambiguous terms, including: "similar summary" or "similar database or information system or file containing material related to the machine" and "machine", which are not defined terms. Plaintiff fails to provide sufficient information to identify the machine at issue, ie – at a minimum a partial serial number. The request also seeks a Vehicle Warranty History, which is inapplicable to any documents within Doggett's possession.

---

[3] As a practical matter, in addition to the objections lodged by Doggett, it would be unable to accommodate such a request even if not facially objectionable as it is unable to search its system in the way suggested by Plaintiff's counsel.

> Doggett further objects to plaintiff's attempt to obtain records from it which pertain to the manufacturer as Doggett is not the manufacturer of the machine and does not have any duty to gather or produce documents which are not within its possession or control.
>
> The request is also objectionable as it seeks information unrelated to the present suit and the production of information that is not reasonably calculated to lead to the discovery of relevant, admissible evidence as the request does not pertain or relate to the machinery at issue in this litigation. Doggett reiterates its previous objections to discovery requests that regard other equipment or its other customers; Doggett intends to preserve its customers' privacy.
>
> Doggett reserves the right to amend and/or supplement this Response.

R. Doc. 56-8. Counsel again met and conferred regarding Doggett's position on the issue and could not reach a resolution. In response, Plaintiff's counsel served the local Doggett branch with a subpoena seeking the exact same records Doggett would not previously produce. It is unclear why the local location would have separate documents or a different response to discovery requests prviously propounded, but Doggett preserved its objections yet again.[4] *See* R. Doc. 56-9.

### C. Lacaze is not entitled to the information and documents it seeks.

Lacaze has asserted a claim of redhibition and faulty repair against both Deere and Doggett related to a single piece of equipment – a John Deere 333GX compact track loader, skid steer purchased on or about August 31, 2018 (the "Equipment"). The Equipment, manufactured by Deere and was sold and repaired by Doggett. According to Lacaze, the Equipment had latent defects that were unknown to him at the time of purchase.

---

[4] In the meantime, one of Doggett's other customers, BDC Tree Service L L C (referenced for the first time in Lacaze's subpoena) initiated a redhibition and defective repair suit against Doggett and Deere. *BDC Tree Service LLC v. Deere & Company, Inc. and W. L. Doggett, LLC d/b/a Doggett Machinery Services*, 1:20-cv-01151-DCJ-JPM filed September 4, 2020. Therefore, BDC Tree Service, LLC will be entitled to obtain its own documents in that suit. Doggett will continue to object to any attempt to introduce documents pertaining to BDC Tree Service LLC in this litigation.

Despite the litigation being about one, single piece of Equipment, Lacaze seeks to compel information and documents pertaining to a "previously owned loader" and loaders owned (or previously owned) by other parties. Lacaze complains of Doggett's repair work on the Equipment, so to the extent it seeks information regarding any other machinery, the request is irrelevant on its face. Doggett's repairwork, and maintenance on other machinery will have no bearing or relevance to the issue of whether the Equipment was properly repaired. Regarding its previously owned equipment, Lacaze has not provided any identifying information and seeks information it should have in its own possession. Therefore, even if not entirely irrelevant to this litigation, Doggett need not provide documents equally available to the plaintiff.

Despite bearing the burden of proof to establish the relevancy and need for the information it seeks,[5] Lacaze has shown no evidence or compelling argument to establish how anything other than the Equipment he has sued upon is relevant.[6] Plaintiff's Motion fails to provide *any* case law or evidence to support its position, and the lone support provided for its position relative to its need for information pertaining to third parties' machines comes from quoting a blog article discussing strategies for attorneys handling discovery requests in product liability cases.

The Equipment was inspected, and as a result, Deere's expert opines that Lacaze's complaints are due to a lack of maintenance and failure to operate the Equipment as intended by

---

[5] In a motion to compel production of discovery, the moving party bears the burden of showing that the information sought is relevant and would lead to admissible evidence. *Taylor v. Lasalle Mgmt. Co.*, No. 1:17-CV-882-P, 2020 WL 1677557, at *2 (W.D. La. Apr. 6, 2020) (noting failure to meet burden where no showing of how sought after evidence would be relevant or lead to admissible evidence).

[6] On July 7, 2020, Lacaze's counsel reached out to undersigned counsel regarding a specific scope of issues with the responses he received from Doggett. A copy of the email correspondence requesting a Rule 37 Conference is attached as Exhibit 1. Counsel for Lacaze provides a lengthy request for either a supplemental production or a Rule 37 Conference prior to the filing of a motion to compel, but at no time was the issue of responses to discovery regarding the "previously owned loader" raised by Lacaze's counsel. *See* Exhibit 1. The parties did meet, confer, and reach a resolution as to the objectionable requests – which did not include any discussion of those regarding the "previously owned loader" – and in accordance with that conversation, Lacaze later issued its Second Requests for Production of Documents. R. Doc. 56-5. These supplemental requests have no reference to the "previously owned loader", as it was not an issue addressed by the parties prior to the instant Motion.

the manufacturer. Any alleged defective repairs can only be judged by an analysis of information pertaining to the Equipment, and information pertaining to "previously owned machinery" or other machinery will only serve to confuse the trier of fact and potentially prejudice the Defendants.

For the same reasons, Plaintiff's continued request for information and documents regarding other customers' machinery must also be denied.[7] Lacaze has not shown any reason that information pertaining to other customers' machinery is relevant or likely to lead to anything other than confusion as to the redhibitory defects or defective repairs to the Equipment. And it is hard to imagine how repair work performed on other pieces of machinery could have any bearing on whether Doggett properly or completely repaired the Equpiment. Each repair or work order performed by Doggett is specific to the machine it is completed upon; as such, it is unclear how repairs for one issue on one piece of equipment can be used to support claims regarding Lacaze's Equipment.

Finally, Doggett maintains its refusal to provide documents and information that may compromise its other customers' privacy. Doggett must protect its customers' information. While it is true that this is not a medical case involving restrictions on third parties' private information under HIPPA, for example, Doggett intends to protect all of its customers' information from disclosure to third parties, and especially from unwarranted fishing expeditions.

### III. CONCLUSION.

---

[7] No issue can remain as to documents regarding any machinery owned by BDC Tree Service L L C, as it now has a redhibition and defective repair suit against Doggett and Deere. *BDC Tree Service LLC v. Deere & Company, Inc. and W. L. Doggett, LLC d/b/a Doggett Machinery Services*, 1:20-cv-01151-DCJ-JPM filed September 4, 2020. Doggett will continue to object to any attempt to introduce documents pertaining to BDC Tree Service LLC in this litigation.

Lacaze has failed to meet its burden of showing how the requested information and documents are relevant to its claims agianst Doggett.[8] Doggett maintains its position that each of Lacaze's attempts to obtain information and documents pertaining its previously owned equipment and regarding equipment owned by those who are not parties to this litigation are improper, overly broad, and seek information beyond what is allowable under the Federal Rules. Doggett has provided complete responses to the requests pertaining to the Equipment at issue in this lawsuit, and it respectfully submits that Lacaze's Motion is improper and should be denied.

**WHEREFORE**, Defendant, W. L. Doggett, LLC d/b/a Doggett Machinery Services respectfully requests that this Court deny Plaintiff's Motion to Compel Production of Documents (R. Doc. 56).

Respectfully submitted:

**McGlinchey Stafford PLLC**

/s/Zelma M. Frederick
M. Brent Hicks, (LA #23778)
Zelma M. Frederick (LA #31459)
301 Main Street, Fourteenth Floor
Baton Rouge, Louisiana  70801
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076
bhicks@mcglinchey.com
zfrederick@mcglinchey.com
*Attorneys for Defendant W.L. Doggett, LLC
d/b/a Doggett Machinery Services*

**CERTIFICATE OF SERVICE**

---

[8] *McAdams v. Citifinancial Mortg. Co., Inc. of New York*, No. CV 06-27-JVP-SCR, 2006 WL 8435024, at *2 (M.D. La. July 13, 2006) (denying motion to compel in part after stating "The party seeking the discovery bears the burden of showing relevancy. Plaintiffs failed to do so.")

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 17th day of February, 2021.

/s/Zelma M. Frederick
Zelma M. Frederick
