UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LACAZE LAND DEVELOPMENT, LLC**<br>                              **Plaintiff**<br><br>          **v.**<br><br>**DEERE & COMPANY, INC. and W.L. DOGGETT, LLC, D/B/A DOGGETT MACHINERY SERVICES**<br>                              **Defendants** | **CIVIL ACTION NO. 1:19-cv-01477**<br><br>**CHIEF JUDGE DEE D. DRELL**<br><br>**MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM IN SUPPORT OF MOTION TO JOIN IN AND ADOPT MOTION TO RECONSIDER FILED BY CO-DEFENDANTS

**MAY IT PLEASE THE COURT**

W.L. Doggett, LLC, d/b/a Doggett Machinery Services ("Doggett"), requests the Court reconsider its October 4, 2021 order re-opening discovery. R. Doc. 91.  In doing so Doggett joins in and adopts, as if copied herein *in extenso*, the *Motion for Reconsideration,* including the *Memorandum in Support, and Exhibits* (R. Doc. 93), filed by co-defendant, Deere & Company, Inc., ("Deere"). The law and facts set forth by Deere apply equally to Doggett and as such, Doggett is also entitled to reconsideration on these same issues.

Doggett submits the following additional arguments as additional support for its motion to reconsider. Reconsideration is requested because (1) Plaintiff has not shown good cause, (2) Plaintiff's request for information to substantiate Justin Doyle's testimony falls within previously issued requests, (3) Plaintiff has been aware of Justin Doyle's involvement with the machine(s) at issue since April, 2020, but waited until the close of discovery to investigate the issues, and (4) Doggett would suffer extreme prejudice of unnecessary expense of manpower and costs if forced to attempt to comply with Plaintiff's newest request regarding Solution 111647 (it is currently

1

unknown if responsive documents could be located). For all these reasons, Doggett respectfully requests reconsideration of this Court's earlier grant of Plaintiff's motion for leave to extend plan of work deadlines pertaining to further discovery by it. R. Doc. 91.

## I.   PROCEDURAL HISTORY AS TO DOGGETT.

### A.   Plaintiff issued multiple sets of discovery and has deposed multiple witnesses.

Plaintiff filed suit on or about November 14, 2019. R. Doc. 1. An initial plan of work, without modification, was entered on March 6, 2020. R. Doc. 18. On March 24, 2020, Lacaze issued its first written discovery requests to Doggett and Deere, and on or about April 24, 2020, Doggett provided its responses. Then on April 30, 2020, Deere moved to extend certain deadlines in the Plan of Work as a result of travel limitations due to covid; a new Plan of Work was entered and the discovery deadline was moved by and through November 30, 2020. On July 15, 2020, Plaintiff issued a Second Set of Requests for Production of Documents to Doggett and Deere, and Doggett provided its responses on or about August 19, 2020. Just prior to receipt of Doggett's responses, the parties filed a joint oral motion for further extension of the Plan of Work deadlines by 90 days (R. Doc. 37), and the discovery deadline was extended by and through Monday, March 1, 2021.

On October 22, 2020, Plaintiff also issued a Subpoena Duces Tecum to Doggett's Alexandria branch requesting almost identical documents of Doggett as in its previous written discovery requests, and Doggett provided its written Objections and Responses to Plaintiff on or about November 4, 2021. Plaintiff did not issue a deposition notice to Deere or Doggett until February, 2021. Despite a discovery cutoff of March 1, 2021, Doggett and Deere both agreed to make their corporate representatives available for deposition after that time. Doggett's corporate representative was deposed on April 9, 2021. Justin Doyle, a former employee of Doggett, was

deposed on April 13, 2021, and then Steven Wienkes, was deposed as Deere's corporate representative on May 4, 2021.

B.     **The Plaintiff has previously compelled discovery from Deere and Doggett, prior to the expiration of the discovery cutoff.**

During the course of discovery, Plaintiff, apparently unsatisfied with Defendants' responses to various written discovery requests, filed a motion to compel on January 27, 2021. R. Doc. 56. In its motion, Plaintiff sought to compel additional responses regarding a previous skid steer owned by Plaintiff, as well as regarding machinery owned and operated by Doggett's other customers who are not parties to this litigation. Plaintiff sought additional information regarding Plaintiff's first machine of the same model as well as additional documents and information pertaining to the machines purchased by other customers of Doggett. No formal ruling was issued regarding the Motion to Compel, but during a conference with the Court, the parties understood that information pertaining to other equipment not owned by Lacaze was off-limits in this matter.

C.     **Plaintiff Now Requests Additional Discovery, Without Reason, Months after the Discovery Cutoff.**

Plaintiff has now requested the opportunity to seek additional, limited discovery from both Defendants. As to Doggett, Plaintiff has requested that discovery be reopened so that it can issue additional discovery; specifically:

1.     Written discovery to obtain memoranda, telephone notes, or other documents to substantiate the testimony of one of Doggett's former employees, Justin Doyle, regarding alleged meetings and/or consultations with other employees of other Doggett stores; and

2.     Written discovery having to do with the number of Deere 333G's and other machines described in Solution No. 111647.

Both are discussed below.

## LAW AND ARGUMENT.

In furtherance of this Court's suggestion during the parties' October 13, 2021 status conference, Doggett adopts the legal tenants set forth by Deere (R. Doc. 93-1) in support of its Motion. The Defendants agree that Plaintiff has not been diligent in its pursuit of discovery in this matter, and it has not shown the requisite "good cause" for why it was not able to do so within the previously issued deadlines.[1] Objections to Plaintiff's additional requests of Doggett are discussed in turn below.

## II. Plaintiff has not shown good cause as to why further discovery is necessary to "substantiate Mr. Doyle's testimony."

Plaintiff seeks additional written discovery to further explore an alleged meeting or series of meetings that occurred among Doggett employees regarding the 333G; however, Lacaze has failed to show good cause as to why it should be permitted to issue additional discovery at this late date. First – Plaintiff included references to the same type of meeting, involving Justin Doyle, in its June 4, 2020 discovery responses.[2] Second – Doggett has already answered interrogatories and produced documents that would include anything related to this inquiry.

### A. Plaintiff's Delay regarding the Subject Matter of Justin Doyle's Testimony Does not Equate to Good Cause.

As early as April, 2020, almost a year prior to the March 2, 2021 discovery deadline,[3] Justin Doyle was identified by Doggett as a person who worked on Plaintiff's machine.[4] Plaintiff

---

[1] *See* Deere's Memorandum in Support of Motion for Reconsideration, Section 1, pp. 5-7. R. Doc. 93-1.
  On Wednesday August 28, 2019, there was a conference call between Mr. Lacaze, - Brandy Deffes, believed to be the compact equipment manager in Covington, the service manager in Covington (name not remembered), the salesman, Skip McGee, and the service manager here in Alexandria, Justin Doyle.  The employees said when the machine got down to Covington and that shop tore it apart, their mechanics looked all through the fuel system, and there was no reason for it to be throwing a fuel rail pressure code.  Hydraulic pressure was 4,800 psi, but supposed to be 3,800.  Empoyees tried to say that Mr. Lacaze adjusted hydraulic pressure, which Mr. Lacaze stated to them he doesn't know how to do that stuff, and is not a mechanic. Mr. Doyle then admitted he had adjusted it to 3800.  Mr. Doyle said what the service manager at Covington said is not true, will not even set to 4800.   Justin
[2] and Mr. Lacaze never got that service report.
  Plaintiff's Response to Deere's Interrogatory No. 5.
[3] R. Doc. 38.
[4] Doggett's Response to Plaintiff's Interrogatories and Requests for Production of Documents.

also referenced discussions and interactions with Justin Doyle in his June, 2020 discovery responses.[5] Plaintiff then questioned Doggett's corporate representative and Justin Doyle about Lacaze, the machinery at issue in this litigation, as well as any communications and/or meetings regarding attempts to trouble shoot the issues. When questioned, Doggett's corporate represenative was first confused regarding any "meeting" that took place regarding this machine explaining that "there was probably a discussion between the service manager, general manager, the technician to go through this repair order and then reporting that back to the Doggett Alexandria team who ultimately asked the Covington store to be involved."[6] Plaintiff's counsel continued his investigation into that issue as "reported by Mr. Lacaze in answers to the interrogatories to Deere and Company" regarding a "conference call between Mr. Lacaze and Brandy Deffes of Covington, the service manager of Covington, Skip McGee, and Justin Doyle of Alexandria to discuss the reason it was throwing the fuel rail pressure codes and the reason why the hydraulic pressures were not at the operating pressures it should have been at."[7]

Despite having this very specific information readily available, including reference to the alleged "meeting" on August 28, 2019 as of June 4, 2020, and previously asking for any and all documents pertiaining to the machine at issue in this lawsuit, Plaintiff now seeks to reopen discovery. Yet Plaintiff's counsel has not provided any information as to why he waited until the end of the discovery period, and more than a year, to notice Mr. Doyle's deposition.[8] Nor has Plaintiff included any evidence or reason to dispute the testimony of Doggett's corporate representative as to the issue. Even assuming Mr. Doyle's testimony raised a new and unique factual issue to explore, Plaintiff has provided no reason why he then waited an additional six (6)

---

[5] Plaintiff's Response to Deere's Interrogatory No. 5.
[6] Deposition of Doggett, April 9, 2021, 70-72 generally.
[7] Deposition of Doggett, 72:1-21.
[8] Plaintiff did not seek to depose any of the other individuals listed in its earlier discovery responses, who were purportedly a part of the "meeting(s)."

months after Mr. Doyle's deposition to seek leave of Court to reopen discovery.[9] Good cause has not been shown.

      **B.    Plaintiff Has Already Issued Discovery that Encompasses Documents that Would Substantiate Justin Doyle's Testimony.**

    Plaintiff's timely Interrogatories included multiple requests that cover any memoranda, interoffice emails, communications, etc. regarding the machine. Specifically, Doggett has previously provided responses to the following Interrogatories on or about April 24, 2020:

> **INTERROGATORY NO. 6:** Please state the names and addresses of all your employees who contacted Deere & Company, Inc. or any affiliated firms, corporations, or businesses, or who were contacted by such, with regard to the problems with the loader, the dates of the contacts, and the substance of the conversations or communications.

> **INTERROGATORY NO. 7:** Please state whether or not any of your employees contacted anyone with Deere & Company for advice, information, or consultation on how the attempt to repair the loader in question, and if so, state the names of your employees so contacted, the date, and what was said.

    Similarly, Doggett provided responses to requests for production which would have included any and all documents to be captured if Plaintiff were to issue the proposed additional written discovery requests. Specifically:

> **REQUEST FOR PRODUCTION NO. 5:**
>
>     **Correspondence:** All written correspondence or communications, in original or copy form or otherwise reproduced, regarding repair of the loader in question or regarding any problems that petitioners were having with the loader, between:
>
>    1.   Petitioners and defendant, W. L. Doggett, LLC, d/b/a Doggett Machinery Services;
>
>    2.   Petitioners and defendant Deere & Company, Inc.;
>
>    3.   Defendant, Doggett Machinery Services and Deere & Company, Inc., or any of the affiliates, parent corporations, or divisions of said corporations.

---

[9] Justin Doyle was deposed on April 13, 2021 and Plaintiff's Motion was filed on October 18, 2021. R.Doc. 88.

> **REQUEST FOR PRODUCTION NO. 7:**
>
> **Field Engineer's or Representative's Reports:** Any reports made by or correspondence sent by a field service engineer, manufacturer's or warrantor's representative, or other employee regarding inspection, testing, or repair of the subject loader.

Absent good cause, Plaintiff should not be allowed, months after the close of discovery and after a sua sponte consolidation of other cases, to renew and reengage in discovery. Doggett has searched its records regarding the equipment at issue and produced all nonprivileged documents that are responsive to Plaintiff's requests.

## III.   Written discovery regarding Deere 333Gs and other machines described in Solution No. 111647, should not be allowed.

Plaintiff also seeks to re-open discovery to issue additional written discovery "regarding the numbers of Deere 333G's [sic] and other machines described in Solution No. 111647."[10] Respectfully, to allow Plaintiff to issue additional written discovery as to this issue would effectively restart the entire case. This is not an issue that Plaintiff just discovered as a result of the consolidation motion. Indeed, Plaintiff's requests for information regarding any and all 333Gs was the subject of many discovery requests and a motion to compel. Doggett has maintained its position that information pertaining to repairs made on other machines for other customers is not relevant to the claims raised by Lacaze. This exact issue, minus the reference to a specific Solution Number, was previously raised in the Plaintiff's Motion to Compel. R. Doc. 56. As Doggett explained in its opposition, even if relevant, Doggett does not have a way to search its system in the way that Plaintiff suggests or assumes. If Doggett were able to run a search for "Solution 111647" across all of its locations, then it would have to have a party analyze the documents to determine if a 333G with similar issues is documented. Doggett suggests that there is no requirement that Solution Numbers are included on service orders, so

---

[10] Plaintiff's Motion for Extension of Plan of Work Deadline, R. Doc. 88.

even if documents referencing Solution 111647 were located, there is no way for Doggett to represent that the documents encompass all service orders involving that solution. Doggett's records are not maintained in that way; thus, even if it is possible for Doggett to try and find out every 333G involving Solution 111647 company-wide, the work involved would be significant and costly.

Even assuming there is good cause to seek further discovery regarding Solution 111647, which is strongly denied, Doggett would only have records pertaining to those machines that were brought into Doggett for service for an issue or necessary repair to be addressed that shared a sufficient nexus with Lacaze's machine. As was explained by Justin Doyle and Doggett's corporate representative, as Solutions and/or PIPs are issued by Deere, it does not actively seek out its customers who might be affected. Instead, as machinery or equipment is brought in for routine service and/or a specific issue, Doggett is then able to address any outstanding Solutions or PIPs at that time. In other words, there is no way for Doggett, the distributor, to mandate that an owner bring its machine in for repair.

Plaintiff fails to set forth specific requests as to Solution 111647, and only argues broadly that written discovery on the issue is in order. This in itself is overly broad and lacks any attempt to show the requisite good cause sufficient to allow discovery to be re-opened on this issue. Doggett asks the Court to reconsider its grant of Plaintiff's motion for extension of plan of work deadlines.

## IV.    CONCLUSION.

Even if Plaintiff has shown good cause for the delay in seeking additional discovery and any explanation as to the importance of the proposed modification to the scheduling order, which is denied, Plaintiff has failed to address the potential prejudice to both Defendants should the amendment be allowed. Doggett and Deere have provided responses to Plaintiff's many

discovery requests, have provided their corporate representatives, and often have accommodated Plaintiff's counsel's requests for brief continuances and/or extensions as needed. However, Defendants, and specifically Doggett, cannot now acquiesce to Plaintiff's request for reopening discovery when (1) the issues to be revisited with Doggett have already been asked and responded to by Doggett, (2) Plaintiff was aware of the issues he seeks to further explore as late as June, 2020, but failed to do so prior to the discovery cutoff, and (3) Doggett would suffer prejudice through additional and unnecessary expense of manpower and costs in order to satisfy the second prong of Plaintiff's request.

Doggett respectfully requests that this Court reconsider its earlier grant of Plaintiff's Motion for Extension of Plan of Work Deadlines and issue a new order denying same. In the alternative, Doggett requests that should the Court deem its earlier ruling sufficient and not subject to modification, that this Court specifically limit the discovery requests to be issued to Defendants as narrowly as possible so that the risk of prejudice to Defendants is limited.

Respectfully submitted:

**McGlinchey Stafford PLLC**

*/s/Zelma M. Frederick*
M. Brent Hicks (LA #23778)
Zelma M. Frederick (LA #31459)
Brad M. Barback (LA #35642)
301 Main Street, Fourteenth Floor
Baton Rouge, Louisiana  70801
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076
bhicks@mcglinchey.com
zfrederick@mcglinchey.com
bbarback@mcglinchey.com
*Attorneys for Defendant W.L. Doggett, LLC*
*d/b/a Doggett Machinery Services*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 19th day of October, 2021.

*/s/Zelma M. Frederick*

Zelma M. Frederick
