c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LACAZE LAND DEVELOPMENT, LLC, <br> Plaintiff | CIVIL ACTION NO. 1:19-CV-01477 |
| VERSUS | JUDGE DRELL |
| DEERE & COMPANY, INC., *ET AL.*, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Defendant Deere & Company, Inc.'s ("Deere's") Motion for Reconsideration (ECF No. 93). W.L. Doggett, LLC, doing business as Doggett Machinery Service ("Doggett") separately filed a "Motion to Join in and Adopt Motion to Reconsider" ("Motion to Join" and "Motion to Reconsider") (ECF No. 95).[1]

Defendants seek reconsideration of the undersigned's Order (ECF No. 91) reopening discovery. Plaintiff LaCaze Land Development, LLC ("LaCaze") opposes. ECF No. 99.

On July 15, 2021, this action was consolidated with *BDC Tree Services, LLC v. Deere & Co., Inc., et al.*, Civ. No. 20-cv-1151 (W.D. La.) and *Morgan, et al. v. Deere & Co., Inc., et al.*, Civ. No. 21-cv-0531 (W.D. La.) for all purposes other than trial. ECF No. 80. The Court further ordered counsel to submit new plans of work in *BDC Tree Services* and *Morgan*, and for any request to revise this action to be done by

---

[1] The undersigned GRANTS Doggett's Motion to Join (ECF No. 95) to the extent it seeks to join and adopt Deere's Motion for Reconsideration.

separate motion. The Court then re-issued Civil Case Management Order No. 1, requiring the parties to confer by September 13, 2021 and prepare a Plan of Work. ECF No. 81.

On September 30, 2021, LaCaze filed a "Motion to Extend Plan of Work Deadlines Pertaining to Further Discovery by Plaintiff" ("Motion to Extend"). ECF No. 88. LaCaze sought to extend discovery deadlines as required by the Court's Order (ECF No. 80). ECF No. 88-1 at 1. LaCaze sought to reopen and reset discovery deadlines to July 31, 2022 – in the other consolidated cases. *Id.*

On October 4, 2021 – before briefing was allowed – the undersigned issued a Memorandum Order (ECF No. 91) granting LaCaze's Motion to Extend, thus allowing LaCaze to engage in further limited discovery. ECF No. 91; *see also BDC Tree Services, LLC*, Civ. No. 20-cv-1151 at ECF No. 28; *Morgan, et al.*, Civ. No. 21-cv-531 at ECF No. 34. Defendants opposed LaCaze's motion, however, and would have preferred to brief the issue.

Now, Deere seeks reconsideration under Fed. R. Civ. P. 54(b) so that it may brief its opposition to the extension. ECF No. 93. Specifically, Deere contends LaCaze did not satisfy the Rule 16 "good cause" standard for modifying a scheduling order in its Motion for Extension. *Id.* at 1. Deere requests the undersigned's Order (ECF No. 91) be vacated and that discovery remain closed. *Id.*

No Federal Rule of Civil Procedure specifically applies to a motion to reconsider. *Cressionnie v. Hample*, 184 Fed. App'x. 366, 369 (5th Cir. 2006); *Shepard v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). A district court may reconsider

2

an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... before the entry of judgment." Fed. R. Civ. P. 54(b). The Court also possesses the inherent procedural authority to reconsider an interlocutory order for any reason it deems sufficient. *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.,* 677 F.3d 720, 726–28 (5th Cir. 2012).

This Court typically evaluates Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See Leong v. Cellco P'ship,* CIV.A. 12–0711, 2013 WL 4009320 (W.D.La. July 31, 2013). And so construed, the Court has broad discretion in deciding such motions to reconsider. *Templet v. HydroChem Inc.,* 367 F.3d 473, 482–83 (5th Cir. 2004).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used infrequently, and only in specific circumstances. *Templet*, 367 F.3d at 479. "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (other citations and quotation marks omitted). "Relief under Rule

3

59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller*, 342 F.3d at 567-68 (citation omitted).[2]

Here, Defendants argue that LaCaze failed to show good cause to modify the scheduling order under Rule 16. Defendants do not present any arguments regarding the specific circumstances under which Rule 59(e) would merit reconsideration. But even considered more generally, Defendants' arguments do not warrant withdrawal of the discovery extension.

First, the Court saw, and still sees, merit and efficiency in aligning deadlines or other steps in the consolidated cases to the extent possible. For that reason alone, there was and remains good cause to extend the discovery deadline.

Still, the Court did not afford Defendants an opportunity to oppose before making that finding. That issue has now effectively been resolved. And having reexamined the issue and received briefing from Defendants, the Court still finds good cause for the extension.

A court may, in its discretion, reopen discovery for good cause. *See In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 370 (5th Cir. 2016); *see also Rech v. County of Monroe*, 2022 WL 787968, at *11 (W.D.N.Y. Mar. 15, 2022) (citation omitted). A court also retains the inherent authority, and responsibility, to regulate the discovery process. Fed. R. Civ. P. 26. Here, the Court implicitly found, and still finds, good cause to reopen discovery and to bring it into closer alignment with the

---

[2] A Rule 59(e) motion should not provide an opportunity for movants to rehash evidence, legal theories, or arguments that could have been raised before judgment. *Templet*, 367 F.3d at 478-79. In determining whether to grant a Rule 59(e) request, the Fifth Circuit has indicated that district courts should balance the need for finality against the need to render equitable decisions based on all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

other consolidated cases. ECF No. 91. To do so is likely most efficient, is unlikely to cause Defendants any meaningful prejudice given the nature of the consolidated cases, and is almost certain to avoid any misalignment in the discovery process that could cause confusion or hardship as the case progresses.

For these reasons, the Court does not find that there is an adequate basis for setting aside its previous Memorandum Order. Deere's Motion to Reconsider (Doc. 93) and Doggett's Motion to Reconsider (ECF No. 95) are therefore DENIED, and the Memorandum Order (ECF No. 91) remains effective.

IT IS FURTHER ORDERED that the Status Conference set for March 24, 2022 at 1:30 p.m. is hereby cancelled as MOOT.

SIGNED on Wednesday, March 23, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE